IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STERLING H. GIVENS, JR., | ) | |
|     Petitioner, | ) | Case No. 7:21-cv-00021 |
| v. | ) | |
| | ) | |
| WARDEN STREEVAL, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Sterling H. Givens, Jr., a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Givens challenges the validity of his second conviction under 18 U.S.C. § 924(c) in the United States District Court for the Western District of Louisiana. The respondent has filed a motion to dismiss the petition, arguing that the court lacks jurisdiction over the petition and that Givens's claims lack merit. ECF No. 10. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, it must be **DISMISSED**.

### I. BACKGROUND

Givens was charged and convicted in two separate federal cases in the Western District of Louisiana: United States v. Givens, No. 6:07-cr-20052 (hereinafter "20052 Case"); and United States v. Givens, No. 6:07-cr-60042 (hereinafter "60042 Case").

#### A. The 60042 Case

In the 60042 Case, Givens was charged with drug and firearm offenses as a result of a traffic stop on November 30, 2006. See Indictment, 60042 Case, ECF No. 1; Stipulated Factual Basis, 60042 Case, ECF No. 27-3. On December 17, 2007, Givens pleaded guilty to possession with intent to distribute controlled substances, in violation 21 U.S.C. § 841(a)(1) (Count 1),

and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). Plea Agreement, 60042 Case, ECF No. 27. As part of the written plea agreement, Givens admitted to the facts set forth in a stipulated factual basis. Id. at 3. According to the stipulated facts, Givens had a loaded revolver in his vehicle along with bags of MDMA tablets, and he admitted that he was carrying the firearm for protection while possessing the drugs with the intent to distribute them. Stipulated Factual Basis, 60042 Case, at 1–2. In exchange for his plea of guilty, the government agreed to dismiss the remaining count of the indictment, which charged Givens with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Plea Agreement, 60042 Case, at 4.

Givens appeared for sentencing on March 11, 2008. The district court imposed a 30-month term of imprisonment for the drug conviction and a consecutive 60-month term of imprisonment for the § 924(c) conviction. J., 60042 Case, ECF No. 34.

B.  **The 20052 Case**

In the 20052 Case, a grand jury returned a 25-count superseding indictment against Givens and six other individuals on September 12, 2007. Superseding Indictment, 20052 Case, ECF No. 101. Givens was charged with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 4); carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 5); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 6); and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 23). Id.

On April 3, 2009, Givens pleaded guilty to Counts 4 and 5 of the superseding indictment pursuant to a written plea agreement. Plea Agreement, 20052 Case, ECF No. 289. According to the stipulated factual basis signed by the parties, Givens admitted that he and other individuals participated in a home invasion, that they stole drugs from the home with the intent to sell them, and that he carried a semiautomatic pistol. Stipulated Factual Basis, 20052 Case, ECF No. 289-2.

Givens appeared for sentencing on September 15, 2009. During the sentencing hearing, the district court granted the government's motion for substantial assistance. Sentencing H'rg Tr., 20052 Case, ECF No. 620, at 7–8. After considering the parties' arguments, the district court imposed a 78-month term of imprisonment for the attempted Hobbs Act robbery conviction and a consecutive 240-month term of imprisonment for the § 924(c) conviction. Id. at 9. The judgment provided that "this sentence is to run concurrently to the sentence imposed in [the 60042 Case]." J., 20052 Case, ECF No. 392, at 2.

On September 8, 2010, Givens moved to vacate his convictions under 28 U.S.C. § 2255. That motion was denied on October 14, 2010, and a second § 2255 motion was dismissed as successive on November 15, 2013. See J., 20052 Case, ECF No. 449; J., 20052 Case, ECF No. 552.

### C.     The Current Petition

Givens is presently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. He filed the current petition on January 14, 2021.* Relying on the Fifth Circuit's

---

* An earlier petition filed in the Western District of Virginia, which challenged the § 924(c) conviction in the 20052 Case on different grounds, was dismissed for lack of jurisdiction in December 2020. See Givens v. Streeval, No. 7:20-cv-00659, 2020 U.S. Dist. LEXIS 235440 (W.D. Va. Dec. 20, 2020).

decision in United States v. Abdo, 733 F.3d 562 (5th Cir. 2013), Givens argues that "he was actually statutorily innocent of his second § 924(c) conviction . . . because the charge was procedurally improper." Pet., ECF No. 1, at 2, 7–8. He also argues that he is entitled to relief under the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Id. at 9–10.

## II. DISCUSSION

Ordinarily, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018).

"In evaluating a § 2241 petition brought pursuant to the savings clause, [the court must] consider Fourth Circuit procedural law but the substantive law of the circuit in which the petitioner was convicted." Diaz v. Warden FCI Bennettsville, 858 F. App'x 664, 665 (4th Cir. 2021) (citing Hahn, 931 F.3d at 300–01). The Fourth Circuit has crafted a three-part test for determining when a petitioner can challenge a federal conviction by way of the savings clause. In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2021). Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these requirements is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425 ("The savings clause . . . does not concern criteria for a successful § 2241 petition; rather, it provides whether that petition may be entertained to begin with.").

In this case, Givens fails to meet the second requirement of the test set forth in In re Jones. He does not identify any post-conviction change in the substantive law that renders non-criminal the conduct of which he was convicted. Contrary to his assertions, the Fifth Circuit's 2013 decision in United States v. Abdo does not satisfy this requirement for two reasons. First, Abdo did not change the law applicable to § 924(c) charges. Instead, the Abdo Court recognized its previous holding in United States v. Phipps, 319 F.3d 177 (5th Cir. 2003), which predated Givens's convictions by several years. See Abdo, 733 F.3d at 567 ("Abdo is correct that we have held that '§ 924(c)(1) does not unambiguously authorize multiple convictions for a single use of a single firearm based on multiple predicate offenses.'") (quoting Phipps, 319 F.3d at 189). Second, the holding cited in Abdo is simply inapplicable here. Givens was not convicted of multiple § 924(c) counts arising from a single use of a firearm. Instead, his § 924(c) conviction in the 60042 Case was based on the fact that he carried a revolver while possessing with intent to distribute controlled substances, and his § 924(c) conviction in the

20052 Case stemmed from the fact that he carried a semiautomatic pistol during a home invasion. Thus, Abdo does not provide a basis for invoking the savings clause.

Givens's reliance on Rehaif fares no better. In Rehaif, "the Supreme Court concluded that to obtain a § 922(g) conviction, the government 'must show that the defendant knew he possessed a firearm and also that he knew he had the relevant [felon] status when he possessed it.'" United States v. Caldwell, 7 F.4th 191, 213 (4th Cir. 2021) (emphasis omitted) (quoting Rehaif, 139 S. Ct. at 2194). Givens was not convicted under § 922(g) in the 20052 Case or the 60042 Case. Instead, the § 922(g) charges were dismissed by the government in exchange for Givens' pleas of guilty to other offenses, including § 924(c) charges. Thus, "the doctrinal change worked by Rehaif regarding the required elements of proof for § 922(g) convictions did not render the conduct of which [Givens] was convicted no longer criminal." Goldwire v. Warden FCI Bennettsville, No. 5:20-cv-2659, 2021 U.S. Dist. LEXIS 167804, at *8 (D.S.C. Sept. 3, 2021); see also In re Horne, No. 21-3440, 2021 U.S. App. LEXIS 28342, at *3 (6th Cir. Sept. 17, 2021) (emphasizing that Rehaif pertains to convictions under § 922(g) rather than § 924(c)).

Because Givens has not shown that the substantive law changed such that the conduct of which he was convicted is no longer criminal, his petition does not satisfy all of the requirements of In re Jones. Accordingly, Givens cannot challenge the validity of his convictions under § 2241.

### III. CONCLUSION

For the reasons stated herein, the court concludes that Givens cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28

U.S.C. § 2255(e). Therefore, the court **DISMISSES** Givens's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

            Entered: December 9, 2021

            Michael F. Urbanski
            Chief U.S. District Judge
            2021.12.09 15:37:30 -05'00'

            Michael F. Urbanski
            Chief United States District Judge